UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | |
|---|---|
| In re: | ) |
| | ) |
| KEVIN MICHAEL SCHMITT and | ) Case No. 11-16356 HRT |
| ELIZABETH NADINE SCHMITT, | ) |
| | ) Chapter 7 |
| Debtors. | ) |
| | ) |

## ORDER DENYING MOTION
## TO REPLACE INTERIM TRUSTEE FOR CAUSE

This case comes before the Court on Debtors' *Motion to Replace Interim Trustee for Cause* (docket #13) (the "Motion").

As an initial matter, the Court today rules on the Debtors' Motion without conducting an evidentiary hearing.  The Code does not require the Court to hold a hearing before denying a motion to remove a trustee.  *In re M & S Grading, Inc.*, 541 F.3d 859, 867 (8th Cir. 2008).  The Court has carefully reviewed Debtors' Motion and the attachments.  The Court assumes the truth of all of the factual allegations appearing in the Motion and views those allegations in the light most favorable to the Debtors.  Further presentation of evidence and legal argument would not materially enhance the Court's understanding of the issues presented.

Debtors seek Court intervention in the routine administration of their bankruptcy estate by their chapter 7 trustee (the "Trustee").  Under 11 U.S.C. § 324(a), they seek to have the Trustee removed from their bankruptcy case for cause.

The following facts are reflected in the Court's records and in the Motion.  The Debtors' case was filed under chapter 7 on March 26, 2011.  Their § 341 creditors meeting was initially scheduled for April 28, 2011.  Mrs. Schmitt is a member of the Army.  She is temporarily absent from Colorado serving her military duty.  Mrs. Schmitt reported to Fort Jackson, North Carolina, on April 27, 2011 – one day prior to the date originally scheduled for her creditors meeting.  The Trustee has another docket scheduled for August 18, 2011, at a time when Mrs. Schmitt will be back in Colorado and available to attend a § 341 meeting in person.  After some correspondence, and at the Trustee's request, on April 5, 2011, Debtors served their *Notice of Continued 341(a) Creditors Meeting* (docket #11) on the Trustee and the creditors.

As an alternative to delaying their creditors meeting to a time when both Debtors are in Colorado and available to attend a meeting in person, Debtors seek an order from the Court to have the Trustee replaced with a different trustee who will permit Mrs. Schmitt to appear at an earlier meeting by telephone.

ORDER DENYING MOTION TO REPLACE INTERIM TRUSTEE FOR CAUSE
Case No. 11-16356 HRT

Section 324 of the Bankruptcy Code states that "[t]he court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause." 11 U.S.C. § 324(a).

> Under the Bankruptcy Code, causes for removal have included situations in which the trustee was found to be incompetent or unwilling to perform the duties of a trustee; the trustee was not disinterested or held an interest adverse to the estate; the trustee violated the fiduciary duty to the estate; and the trustee was guilty of misconduct in office or personal misconduct.

COLLIER ON BANKRUPTCY ¶324.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citations omitted).

Those examples may not be all inclusive but they describe serious misconduct by a trustee. The contents of § 324(b) is also illuminating. It says

> Whenever the court removes a trustee or examiner under subsection (a) in a case under this title, such trustee or examiner shall thereby be removed in all other cases under this title in which such trustee or examiner is then serving unless the court orders otherwise.

11 U.S.C. § 324(b). Thus, the Code provides that whenever a trustee is removed from a case under § 324(a) the trustee will automatically be removed from all cases in which the trustee is serving unless the court specifically orders differently. It is evident that the drafters of the Code contemplated that cause for removal of a trustee would embrace matters of an extraordinarily serious nature.

The allegations contained in the Debtors' Motion stand in stark contrast to the types of misconduct cited by COLLIER that typically lead to the removal of a serving trustee. Here the Debtors are unhappy because the Trustee prefers to wait approximately four months, until Mrs. Schmitt is back in the state and available to appear in person, to conduct the § 341 meeting of creditors in their case. That is a matter that falls well within the sound discretion of a chapter 7 trustee in determining how best to administer a chapter 7 estate. The continuance of the § 341 meeting for less than four months to a time when Mrs. Schmitt is available to appear in person at her creditors meeting is hardly an abuse of that discretion. It is not misconduct of any description much less does it rise to the level of misconduct that can justify the removal of a trustee under § 324(a).

Moreover, to the extent that the Debtors' case remains open longer and they receive their discharges later than might have otherwise been the case, they continue to enjoy the protection of the automatic stay. Therefore, it is

ORDER DENYING MOTION TO REPLACE INTERIM TRUSTEE FOR CAUSE
Case No. 11-16356 HRT

  **ORDERED** that Debtors' *Motion to Replace Interim Trustee for Cause* (docket #13) is DENIED.

  Dated this   27th   day of May, 2011.

               **BY THE COURT:**

               _/s/ Howard Tallman_
               Howard R. Tallman, Chief Judge
               United States Bankruptcy Court